# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOND, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>FUJITSU SEMICONDUCTOR LIMITED, FUJITSU SEMICONDUCTOR AMERICA, INC., TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LIMITED, AND TSMC NORTH AMERICA CORP.<br><br>    *Defendants.* | CIVIL ACTION NO. 14-cv-12438-WGY |

**ZOND, LLC'S OPPOSITION TO FUJITSU DEFENDANTS' MOTION TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Plaintiff Zond, LLC ("Zond") respectfully submits this opposition to Defendants Fujitsu Semiconductor Limited and Fujitsu Semiconductor America, Inc.'s (together, "Fujitsu Defendants") Motion to Extend the Time to Respond to Plaintiff's Complaint (D.I. 12) (the "Motion").

In their Motion, the Fujitsu Defendants request a 30-day extension of time to respond to Zond's complaint and disclose that they attempted to negotiate such an extension with Zond. However, the Fujitsu Defendants mischaracterize and omit key details regarding the circumstances of such discussions between the parties. As the Fujitsu Defendants are well aware, their co-defendants in this action, Taiwan Semiconductor Manufacturing Company and TSMC North America Corp. (together the "TSMC Defendants"), have filed an anticipatory declaratory judgment complaint in the United States District Court for the District of Delaware that seeks to usurp this Court's proper jurisdiction over the patent-related disputes between Zond,

the TSMC Defendants, and their customers, including the Fujitsu Defendants. *See TSMC Tech. Inc., et al., v. Zond LLC*, Case No. 1:14-cv-00721-LPS (D. Del.). Because TSMC and Zond are already immersed in motion practice in Delaware concerning the proper venue for their resolving their disputes[1] and further, related motion practice in this District may be eminent, Zond was unable to agree to the Fujitsu Defendants' extension request that would have effectively permitted the Fujitsu Defendants to postpone the progress of this case by a month.

Consequently, when counsel for the Fujitsu Defendants reached out to Zond's counsel and offered "not to challenge sufficiency of service of process" in exchange for an extension of time to answer or otherwise respond to Zond's complaint until August 1, 2014, (D.I. 12 at 2, ¶3), Zond could not agree because such an open-ended delay would adversely impact the timely progress of this action. However, rather than providing an outright rejection, as the Fujitsu Defendants' Motion implies, Zond responded with *two* reasonable offers of an extension of time for the Fujitsu Defendant. First, Zond offered an extension for the Fujitsu Defendants' answer or other response to Zond's complaint through July 11, 2014—but the Fujitsu Defendants promptly rejected this offer. Then, Zond offered an extension for the Fujitsu Defendant's to file an answer (and not another responsive motion) to Zond's complaint through August 1, 2014—this offer was also turned down. The Fujitsu Defendants' rejection of both of Zond's reasonable offers of extensions of time revealed their underlying intention to delay the progress of this case at the outset.

Moreover, Fujitsu's assertion that any "complexity" in this case dictates in favor of granting their Motion is belied by the commonalities of the facts between this action and the

---

[1] The TSMC Defendants have filed a "Motion to Enjoin Zond LLC from Maintaining a Later-Filed Action in the District Court of Massachusetts," which Zond will timely oppose in the District of Delaware. *See TSMC Tech, Inc., et al. v. Zond LLC*, Case No. 1:14-cv-00721-LPS (D. Del.) at Dkt. Nos. 7 & 8.

prior, related case between the same parties. (*Zond LLC v. Fujitsu Semiconductor Ltd., et al.*, Case No. 1:13-cv-11634-WGY (D. Mass.)) Indeed, because the earlier related action involved the same parties and pertained to the same accused products and the same technology implicated by the asserted patents, the issues in this case are substantially the same as the issues the Fujitsu Defendants have already spent months litigating before this Court.

Because the Fujitsu Defendants' Motion is motivated by a strategic desire to delay the start of meaningful proceedings in this District, rather than any legitimate need for additional time to respond, the Motion should be denied.

Dated: June 27, 2014                      Respectfully submitted,

                                             ZOND, LLC

                                             By its counsel,

/s/ *Robin M. Davis*
David S. Godkin (BBO#196530)
Andrew A. Caffrey III (BBO#660481)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
617-307-6100
godkin@birnbaumgodkin.com
caffrey@birnbaumgodkin.com

David C. Radulescu, Ph.D. (*pro hac vice*)
Tigran Vardanian (*pro hac vice*)
Robin M. Davis (*pro hac vice*)
RADULESCU LLP
136 Madison Ave, 6th Floor
New York, NY 10016
646-502-5950
david@radulescullp.com
tigran@radulescullp.com
robin@radulescullp.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 27, 2014.

/s/ *Robin M. Davis*
Robin M. Davis