UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOND, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>FUJITSU SEMICONDUCTOR LIMITED, FUJITSU SEMICONDUCTOR AMERICA, INC., TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LIMITED, AND TSMC NORTH AMERICA CORP.<br><br>           Defendants. | CIVIL ACTION NO. 1:14-cv-12438-WGY |

**ZOND, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR INEFFECTIVE SERVICE OF PROCESS**

**TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................................................................1

II.    FACTUAL BACKGROUND ....................................................................................1

    A.    TSMC's Attempts to Delay Zond's Enforcement of its Patent Rights ...................1

    B.    Service upon TSMC NA and TSMC Ltd. in *Zond I* ..............................................3

    C.    Service upon TSMC NA and TSMC Ltd. in *Zond II* .............................................3

        1.    The Service at Issue in this Motion was Nearly Identical to the
Service Effected in *Zond I* ........................................................................3

        2.    Subsequent Attempts at Further Service of Process ...................................5

III.    ARGUMENT ...........................................................................................................8

    A.    Legal Standards......................................................................................................8

        1.    Rule 4 Governs Service of Process............................................................8

        2.    Direct Service.............................................................................................9

        3.    Substituted Service...................................................................................10

    B.    Service was Properly Effected upon TSMC via Direct Service ...........................11

    C.    Service was Properly Effected upon TSMC via Substituted Service ...................14

    D.    Service was Properly Effected upon TSMC Ltd....................................................18

    E.    TSMC's Motion is Based Upon Several Misunderstandings of Law and
Should Be Denied ................................................................................................18

    F.    Zond's Subsequent Attempts to Moot TSMC's Motion........................................19

IV.    CONCLUSION......................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bein v. Brechtel-Jochim Group, Inc.*,
    6 Cal. App. 4th 1387 (1992) ......................................................................... *passim*

*Bender v. Broadcom Corp.*,
    2009 WL 3571286 (N.D. Cal. Oct. 30, 2009)........................................................13

*Burger King Corp. v. Eupierre*,
    2012 WL 2192438 (S.D. Fla. June 14, 2012) .......................................9, 15, 17, 19

*Chapman v. United States EEOC*,
    2008 WL 782599 (N.D. Cal. Mar. 24, 2008)..........................................................14

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*,
    840 F.2d 685 (9th Cir. 1988) ............................................................................8, 19

*Ellard v. Conway*,
    94 Cal. App. 4th 540 (2001) ......................................................................10, 15, 17

*Estate of Hong-Ming Lu v. Primax Wheel Corp.*,
    2005 WL 807048 (N.D. Cal. Apr. 7, 2005)...........................................8, 10, 11, 13

*Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*,
    578 F. Supp. 2d 1224 (C.D. Cal. 2008) ..................................................................18

*Lucas v. Daihatsu Motor Co., Ltd.*,
    2012 WL 4477624 (N.D. Cal. Sept. 27, 2012) .......................................................18

*McKinney v. Apollo Group, Inc.*,
    2008 U.S. Dist. LEXIS 56324 (S.D. Cal. July 22, 2008) .......................................14

*Moletech Global H.K. Ltd. v. Pojery Trading Co.*,
    WL 506873 (N.D. Cal. Feb. 27, 2009) ...................................................................14

*Morningstar Holding Corp. v. G2, LLC*,
    2010 WL 4641274 (D. Idaho Nov. 8, 2010)...........................................................16

*Produce v. California Harvest Healthy Foods Ranch Mkt.*,
    2012 WL 259575 (N.D. Cal. Jan. 27, 2012).....................................................15, 16

*Securities & Exchange Comm'n v. Internet Solutions For Business Inc.*,
    509 F.3d 1161 (9th Cir.2007) ............................................................................9, 15

*Trustees of S. California IBEW-NECA Pension Plan v. Sabco Electrique, Inc.*,
   2008 WL 4297223 (C.D. Cal. Sept. 15, 2008) ............................................................. *passim*

*TSMC Technology, Inc., Taiwan Semiconductor Manufacturing Company, Ltd.
   and TSMC North America Corp. v. Zond, LLC*,
   1:14-cv-00721-LPS (D. Del.) ......................................................................................2

*U.S. v. Zatkova*,
   791 F. Supp. 2d 1305 (Ct. Intl. Trade 2011)..............................................................11

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
   486 U.S. 694 (1988)....................................................................................................18

*West Coast Corvettes, Inc. v. MV Marketing, Inc.*,
   2012 WL 1401433 (C.D. Cal. Apr. 23, 2012) .......................................................16, 17

*Zond, Inc. v. The Gillette Company et al.*,
   1:13-cv-11567-DJC (D. Mass.)....................................................................................2

**Rules/Statutes**

Cal. Code Civ. P. § 415.10.................................................................................... *passim*

Cal. Code Civ. P. § 415.20.................................................................................... *passim*

Cal. Code Civ. P. § 416.10(b)...................................................................................9, 12, 19

Fed. R. Civ. P. 4.................................................................................................... *passim*

Mass. R. Civ. P. 4 .......................................................................................................8

# I.    INTRODUCTION

Zond, LLC ("Zond") properly effected service of process via both direct and substituted service on Taiwan Semiconductor Manufacturing Company, Limited ("TSMC Ltd.") and TSMC North America ("TSMC NA") (together, "TSMC") at TSMC NA's office in San Jose, California.  TSMC makes much of the fact that a "temporary receptionist" was served with process but disregards the fact that its registered agent was unavailable—and is apparently still unavailable to this day—and that the receptionist made no indication that she was a temporary employee or unauthorized to accept service of process.  In fact, Zond has attempted on five separate occasions over the course of three days to serve TSMC NA's registered agent with process, but he has been unavailable each time.  Moreover, TSMC, in clear contravention with the law regarding service of process in California, instructs its employees that only its registered agent may be served with process.  If TSMC was correct, it could avoid service in perpetuity by simply ensuring that its registered agent is unavailable.

TSMC misunderstands the law regarding service of process in California, as evidenced by its motion to dismiss for ineffective service of process.  (Dkt. No. 20.)  TSMC asserts that only an enumerated list of people are subject to direct service (they are not), that a party must show "reasonable diligence" in attempting direct service on a corporation before attempting substituted service (it does not), and that a foreign defendant must be served pursuant to Fed. R. Civ. P. 4(f) (it must not).  (Dkt. No. 21 at 5-9.)  TSMC makes these and other mistakes despite accepting substantially identical service in the previous action before this Court.  Accordingly, TSMC's motion to dismiss for ineffective service should be denied.

# II.    FACTUAL BACKGROUND

## A.    TSMC's Attempts to Delay Zond's Enforcement of its Patent Rights

As the Court is aware, Zond previously filed a patent infringement action in this Court

asserting seven patents against the same TSMC entities at issue here, TSMC Ltd. and TSMC NA, as well as two Fujitsu entities, in *Zond, LLC v. Fujitsu et al.*, 1:13-cv-11634-WGY ("*Zond I*"). During the pendency of *Zond I*, TSMC repeatedly tried to delay the case's progress toward trial, including by filing a motion to consolidate Zond's patent litigation proceedings before a different Massachusetts district judge (*Zond, Inc. v. The Gillette Company et al.*, 1:13-cv-11567-DJC (D. Mass.) at Dkt. No. 26), and, after its requested consolidation was denied, filing two motions to stay pending the process of *inter partes* review ("IPR") proceedings. (*Zond I* at Dkt. Nos. 83 and 123). TSMC's second motion to stay pending IPRs was granted and, presently, *Zond I* is administratively closed until either May 9, 2016, or if the Patent Trial and Appeal Board elects to not institute an IPR concerning any of the asserted claims, whichever comes first. (*Id.* at Dkt. No. 129.)

Correspondence from Zond informed TSMC that it must either enter license negotiations on or before June 9, 2014[1] concerning six more Zond patents infringed by TSMC or expected another related lawsuit in this District to be filed during the week of June 9, 2014. Declaration of Michael D. Sadowitz In Support of Opposition ("Sadowitz Decl."), Ex. 1. In order to avoid litigating Zond's patent infringement claims before this Court, TSMC filed an action for declaratory judgment of non-infringement of those six patents in the District of Delaware on Sunday, June 8—one day before the Monday, June 9 deadline for responding to Zond's offer to license and the filing of this related action. (*See TSMC Technology, Inc., Taiwan Semiconductor Manufacturing Company, Ltd. and TSMC North America Corp. v. Zond, LLC*, 1:14-cv-00721-LPS (D. Del.) at Dkt. No. 1.) Zond instituted the present litigation ("*Zond II*") in accordance

---

[1] A typographical error in Zond's letter stated that this date was June 7, but TSMC understood Zond's intention to set this date for June 9. *See TSMC Technology, Inc., Taiwan Semiconductor Manufacturing Company, Ltd. and TSMC North America Corp. v. Zond, LLC*, 1:14-cv-00721-LPS (D. Del.), Dkt. No. 8 at 5.

with the time frame set forth in its letter to TSMC on June 5, 2014—this case was filed on June 9, 2014 (and assigned a June 10 filing date by the e-filing system) as related to *Zond I*.

TSMC now seeks to delay the progress of this litigation by filing a baseless motion to dismiss the complaint for ineffective service of process.

**B.      Service upon TSMC NA and TSMC Ltd. in *Zond I***

Zond served process on TSMC Ltd. and TSMC NA in *Zond I* on September 5, 2013. Process in that case was served at the offices of TSMC NA in San Jose, California upon Issac "Doe," the person apparently in charge of the office, by a process server working for the court filing legal services company One Legal LLC ("One Legal").  Sadowitz Decl. at Exs. 2 & 3. Process was served on both TSMC Ltd. and TSMC NA at TSMC NA's offices.  *Id.*  In the "Manner of Service" section, the process server marked "Substituted at Business."  *Id.*  Copies of the documents were thereafter mailed by prepaid, first class mail on September 10, 2013.  *Id.* TSMC did not move to dismiss the *Zond I* complaint for ineffective service of process.

**C.      Service upon TSMC NA and TSMC Ltd. in *Zond II***

**1.      The Service at Issue in this Motion was Nearly Identical to the Service Effected in *Zond I***

Zond served process on TSMC Ltd. and TSMC NA in *Zond II* on June 11, 2014.  *See generally* Declaration of Thomas J. Bowman, Jr. in Support of Opposition ("Bowman Decl."); *see also* Sadowitz Decl. at Exs. 4 & 5.  The process server, Thomas Bowman, Jr., has been a process server in California since 1965 and was working under contract with One Legal on June 11 to serve process on TSMC Ltd. and TSMC NA on behalf of Zond.  Bowman Decl. at ¶¶ 2-3. Mr. Bowman is also the founder and president of Sterling Madison Company, which has provided process service since 1973; has been a member and, in the past, president and chairman of the board, of the California Legal Association of Support Professionals ("CALSPro") since

1975; and helped found the National Association of Professional Process Servers ("NAPPS") in 1981, where he is also a member. *Id*. at ¶ 2. TSMC's characterization of Mr. Bowman as a mere "messenger" (*see* Mot. at 6, 9) is therefore simply not true.

Mr. Bowman arrived at the office of TSMC NA at approximately noon. Bowman Decl. at ¶ 4. This office has one large desk in the front reception area. *Id.* at ¶ 5. Jennifer Poulson was the only person stationed at this desk. *Id.* Mr. Bowman asked Ms. Poulson for Steven Schulman, who is TSMC NA's registered agent for service of process. *Id.* Ms. Poulson attempted to reach Mr. Schulman, but was unable to reach him or anyone else in Mr. Schulman's group. *Id.* Consequently, at approximately 12:48 PM, Mr. Bowman left the summons, complaint, and civil case cover sheet with Ms. Poulson. *Id.* at ¶ 6; *see also* Sadowitz Decl. at Exs. 4 & 5.

Mr. Bowman follows a regular course of practice in serving process when the registered agent for service of process is unavailable. Bowman Decl. at ¶ 7. It is his regular practice to inform the person on whom he serves process—in this case, Ms. Poulson—that he is serving the businesses in question—here, TSMC Ltd. and TSMC NA—that he is serving the authorized agent and providing that agent's name—here, Mr. Schulman—and that he is leaving the documents with that person (here, Ms. Poulson), telling them that they are "the person apparently in charge." *Id*. Mr. Bowman has no reason to believe that he did not follow his regular course of practice in this instance. *Id*.

At no time did Ms. Poulson indicate that she was not employed by TSMC. *Id*. at ¶ 9. Ms. Poulson did not indicate that she was a temporary employee. *Id.* at ¶ 10. Ms. Poulson also did not indicate that she did not have authority to accept service (*id.* at ¶ 11), and did, in fact, accept service on behalf of Mr. Schulman. Mr. Bowman consequently believed that Ms. Poulson

was an employee of TSMC, that Ms. Poulson was not a temporary employee, and that Ms. Poulson had authority to accept service. *Id.* at ¶¶ 9-11.

Process was served on both TSMC Ltd. and TSMC NA at TSMC NA's offices. Sadowitz Decl. at Exs. 4 & 5. In the "Manner of Service" section, the process server marked "Substituted at Business." *Id.* Copies of the documents were thereafter mailed by prepaid, first class mail on June 12, 2014. Sadowitz Decl. Exs. 6 & 7.

### 2. Subsequent Attempts at Further Service of Process

TSMC filed the instant motion on July 2, 2014. In order to avoid wasteful motion practice, regardless of the fact that its prior service was effective, Zond engaged in efforts to moot TSMC's motion by directly serving Mr. Schulman at TSMC NA's office.[2] However, despite multiple attempts at service over the course of three days, Mr. Schulman—who, according to his own declaration, is "the only person who should accept service of process" at TSMC NA (Mot., Schulman Decl. at ¶ 2)—was not available to accept service. The details of Zond's various attempts to serve process directly upon Mr. Schulman follow.

On Friday, July 11, 2014, at approximately 1:30 PM, process server Christiaan Gonzalez with Pacific Coast Legal Services ("PCLS") arrived at the offices of TSMC NA in order to effect service of process on TSMC Ltd. and TSMC NA. Declaration of Christiaan Gonzalez in Support of Opposition ("Gonzalez Decl.") at ¶ 2. Mr. Gonzalez spoke with Ms. Poulson and asked for Mr. Schulman, but Ms. Poulson was unable to reach Mr. Schulman and was only able to reach his voicemail. *Id.* at ¶ 3. She left Mr. Schulman a voicemail. *Id.* Ms. Poulson further stated that Mr. Schulman has regular business hours and suggested calling TSMC NA before arriving to

---

[2] Zond did not attempt this second round of service until Friday, July 11, because it first sought to speak with the process agency, One Legal, and the process server, Mr. Bowman, in order to have a clear and complete understanding of the facts. Zond was unable to speak with Mr. Bowman until Wednesday, July 9. Sadowitz Decl. at ¶ 9.

confirm these hours. *Id.* at ¶ 4. After waiting for approximately 10 more minutes, Mr. Gonzalez left the offices of TSMC NA. *Id.* at ¶ 5.

That same day, at approximately 1:45 PM, at Mr. Gonzalez's direction, Nicole Lara, a Litigation Support Specialist at PCLS, called the phone number provided by Ms. Poulson. *Id.* at ¶ 6. Ms. Lara spoke with Ms. Poulson, who stated that Mr. Schulman has regular business hours of 8:00 AM through 5:00 PM, Monday through Friday. *Id.* Ms. Poulson further told Ms. Lara that Mr. Schulman would be in the office on Monday. *Id.*

On Monday, July 14, 2014, at approximately 10:00 AM, Mr. Ferro arrived at the offices of TSMC NA. Declaration of Dustin K. Ferro in Support of Opposition ("Ferro Decl.") at ¶ 2. Mr. Ferro spoke with Ms. Poulson and asked for Mr. Schulman. *Id.* at ¶ 3. Ms. Poulson was unable to reach Mr. Schulman and was only able to reach his voicemail. *Id.* Mr. Ferro asked Ms. Poulson if she knew when Mr. Schulman would be available. *Id.* at ¶ 4. Ms. Poulson stated that she did not have access to Mr. Schulman's schedule and did not know his availability. *Id.*

Mr. Ferro left TSMC NA's offices and returned at approximately 11:00 AM the same day, again asking Ms. Poulson for Mr. Schulman. *Id.* at ¶ 5. Ms. Poulson again was unable to reach Mr. Schulman and was only able to reach his voicemail. *Id.* Mr. Ferro asked Ms. Poulson if Mr. Schulman was in the office that day, but she stated that she did not know and did not have access to that information. *Id.* at ¶ 6. Mr. Ferro then asked Ms. Poulson if he could speak with Mr. Schulman's assistant. *Id.* Ms. Poulson contacted Mr. Schulman's assistant, Andrea, who stated that Mr. Schulman was not in the office. *Id.* at ¶¶ 7-8. Mr. Ferro then asked Ms. Poulson to ask Andrea when Mr. Schulman would be in the office, but instead of relaying Mr. Ferro's question, Ms. Poulson hung up the phone. *Id.* at ¶ 9. As Mr. Ferro was unable to obtain any further information about Mr. Schulman's schedule, he then left TSMC NA's offices.

Mr. Gonzalez then returned to TSMC NA's offices that same Monday, July 14, at approximately 2:30 PM.  Gonzalez Decl. at ¶ 7.  Mr. Gonzalez again spoke with Ms. Poulson, who stated that Mr. Schulman was not in the office.  *Id.* at ¶ 8.  Mr. Gonzalez then asked Ms. Poulson if any of the following TSMC representatives were available: president; chief executive officer; another head of the corporation; vice president; secretary or assistant secretary; treasurer or assistant treasurer; controller or chief financial officer; or general manager.  *Id.* at ¶ 9.  In response to Mr. Gonzalez's request, Ms. Poulson called Mr. Schulman's secretary, who told her that Mr. Schulman was the only person authorized to accept service of process.  *Id.* at ¶ 10.  Mr. Gonzalez then asked Ms. Poulson for Mr. Schulman's direct number, but she did not provide it.  *Id.* at ¶ 11.  Mr. Gonzalez, unable to serve process on Mr. Schulman or any TSMC representative, then left TSMC NA's offices for the day.  *Id.*

Mr. Gonzalez returned to TSMC NA's offices the following day, Tuesday, July 15, at approximately 10:30 AM.  *Id.* at ¶ 12.  Mr. Gonzalez again spoke with Ms. Poulson who called Mr. Schulman but could only reach his voicemail.  *Id.* at ¶ 13.  Ms. Poulson then called Mr. Schulman's secretary, who told Ms. Poulson that she would call right back.  *Id.* at ¶ 14.  After waiting for approximately 15-20 minutes, Mr. Schulman's secretary still did not call back.  *Id.*  Ms. Poulson again called Mr. Schulman's secretary, who told Ms. Poulson that Mr. Schulman was again not in the office.  *Id.* at ¶ 15.  Mr. Gonzalez again asked Ms. Poulson when Mr. Schulman would be available, but she stated that she did not know when or if he would be in the office again.  *Id.* at ¶ 16.  Mr. Gonzalez again asked Ms. Poulson if any of the previously enumerated TSMC representatives were available, but in response, Ms. Poulson stated that Mr. Schulman was the only person authorized to accept service of process.  *Id.* at ¶ 17.  Mr. Gonzalez again asked Ms. Poulson for Mr. Schulman's direct phone number, but she did not provide that

information.  Mr. Gonzalez, again unable to serve process on Mr. Schulman or any TSMC

representative, then left TSMC NA's offices for the day.  *Id* at 18.

That same day, on Tuesday, July 15, at approximately 1:00 PM, Krista Cantu, the owner

of PCLS, searched for and found a phone number for TSMC NA online.  Declaration of Krista

Cantu in Support of Opposition ("Cantu Decl.") at ¶ 1-2.  Ms. Cantu called that number and

planned to asked to speak with Mr. Schulman to ask when he would next be in the office and

available to accept service of process.  *Id.* at ¶ 2.  A female answered the phone on behalf of

TSMC, and Ms. Cantu asked her if she could speak with Mr. Schulman.  *Id.* at ¶ 3.  Ms. Cantu

was transferred to Mr. Schulman's line, but he did not answer the phone.  *Id.* at ¶¶ 3-4.  Instead,

Ms. Cantu reached Mr. Schulman's voicemail.  *Id.* at ¶ 4.  His voicemail message stated that he

was out of the office from Monday, July 14, 2014 through Tuesday, July 22, 2014.  *Id.*

## III.    ARGUMENT

### A.    Legal Standards

Since Zond effected service on both TSMC entities in California, California is the

operative state law since Massachusetts law directs back to California.  *See* Mass. R. Civ. P. 4.

TSMC does not dispute that California law is operative here.  However, for the reasons discussed

below, TSMC's understanding of this law is unduly narrow and plainly incorrect.

#### 1.    Rule 4 Governs Service of Process

"Rule 4(h) governs service of process over domestic and foreign corporations."  *Estate of

Hong-Ming Lu v. Primax Wheel Corp.*, Case No. 4-cv-4170, 2005 WL 807048, at *1 (N.D. Cal.

Apr. 7, 2005).  Rule 4 is not strictly construed but is "a flexible rule that should be liberally

construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists,

Inc. v. Eclat Computerized Techs.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Bein v. Brechtel-

Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1392 (1992) (noting that service is effectuated if

actual notice has been received by the defendant).  This principle applies to both direct and substituted service.  *Bein*, 6 Cal. App. 4th at 1392.  The question of service is ultimately resolved by "considering each situation from a practical standpoint."  *Id.* (internal quotation omitted).

Although TSMC points out that the plaintiff bears the burden of proving proper service when challenged (Mot. at 4), "[a] signed return of service constitutes strong prima facie evidence of valid service which can be overcome only by strong and convincing evidence."  *Securities & Exchange Comm'n v. Internet Solutions For Business Inc.*, 509 F.3d 1161, 1166 (9th Cir.2007); *see also Burger King Corp. v. Eupierre*, Case No. 12-cv-20197, 2012 WL 2192438, at *2-3 (S.D. Fla. June 14, 2012) (applying California law).  Thus, TSMC's motion to dismiss for ineffective service of process may only succeed upon strong and convincing evidence.

## 2.    Direct Service

Direct service in this case is governed by Fed. R. Civ. P. 4(h)(1)(B) and California Code of Civil Procedure 416.10(b).  Rule 4(h)(1)(B) states that service upon a domestic or foreign corporation is effected:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B).  The California Code of Civil Procedure implements Rule 4(h)(1)(B) by effecting service:

> To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

Cal. Code Civ. P. § 416.10(b).  While California enumerates a list of individuals upon which service may be effected for the corporation, "service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process."

*Hong-Ming Lu*, 2005 WL 807048 at *1 (quoting *Direct Mail*, 840 F.2d 685, 688). There is no

limitation upon whom service may be made, so long as it is "upon a representative so integrated

with the organization that he will know what to do with the papers." *Id.* Whether the individual

who was served meets this requirement is "largely factual" (*id.*), but service is generally

sufficient "when made upon an individual who stands in such a position as to render it fair,

reasonable, and just to imply the authority on his part to receive service." *Trustees of S.*

*California IBEW-NECA Pension Plan v. Sabco Electrique, Inc.*, Case No. 7-cv-7894, 2008 WL

4297223 at *3 (C.D. Cal. Sept. 15, 2008) (internal quotation omitted).

### 3. Substituted Service

Substituted service upon entity corporations in California is governed by California Code

of Civil Procedure 415.20(a), which states:

> In lieu of personal delivery of a copy of the summons and complaint to the person
> to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a
> summons may be served by leaving a copy of the summons and complaint during
> usual office hours in his or her office or, if no physical address is known, at his or
> her usual mailing address, other than a United States Postal Service post office
> box, with the person who is apparently in charge thereof, and by thereafter
> mailing a copy of the summons and complaint by first-class mail, postage prepaid
> to the person to be served at the place where a copy of the summons and
> complaint were left. When service is effected by leaving a copy of the summons
> and complaint at a mailing address, it shall be left with a person at least 18 years
> of age, who shall be informed of the contents thereof. Service of a summons in
> this manner is deemed complete on the 10th day after the mailing.

Cal. Code Civ. P. § 415.10(a). This statute shall be "liberally construed to effectuate service and

uphold jurisdiction if actual notice has been received by the defendant." *Ellard v. Conway*, 94

Cal. App. 4th 540, 544 (2001) (quoting *Bein*, 6 Cal. App. 4th at 1392). The form of substituted

service must be "reasonably calculated to give an interested party actual notice of the

proceedings and an opportunity to be heard … [in order that] the traditional notions of fair play

and substantial justice implicit in due process are satisfied." *Bein*, 6 Cal. App. 4th at 1392

(internal quotation omitted). However, "[c]ourts in California have found that where there is *substantial compliance* with the statutory requirements for service, a trial court can acquire personal jurisdiction over the defendant." *U.S. v. Zatkova*, 791 F. Supp. 2d 1305, 1313 (Ct. Intl. Trade 2011) (emphasis in original).

### B. Service was Properly Effected upon TSMC via Direct Service

Zond properly effected service upon TSMC via direct service.[3] Direct service "is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process." *Hong-Ming Lu*, 2005 WL 807048 at *1 (quoting *Direct Mail*, 840 F.2d 685, 688). In fact, ***anyone*** may be served with process so long as they are "so integrated with the organization that [the person] will know what to do with the papers." *Id.* Moreover, service is generally deemed sufficient "when made upon an individual who stands in such a position as to render it fair, reasonable, and just to imply the authority on his part to receive service." *Trustees of S. California*, 2008 WL 4297223 at *3 (internal quotation omitted).

The facts in this case are similar to those in *Trustees of S. California*, where the court held that service was properly effectuated on a corporation's receptionist under Rule 4(h)(1)(B).[4] *Id.* at *3-4.[5] In *Trustees*, the process server left copies of the summons and complaint with the receptionist of the company's registered agent for service of process. *Id.* at *1. The court found service effective under Rule 4(h)(1)(B) simply because the person served with process was the receptionist of the company's registered agent, she received and distributed mail, and her office

---

[3] While the process server, Mr. Bowman, marked "Substituted at Business" on the return of service (*see* Section II.C.1 *supra*), direct service was also properly effected.

[4] Service was also properly effected in this case as substituted service under Cal. Code Civ. P. § 415.20. *Id.* at *2-3.

[5] The *Trustees of S. California* court cites to Rule 4(d)(3), whose language at the time has now been imported into Rule 4(h)(1)(B). Thus, the court's analysis applies to the analysis under Rule 4(h)(1)(B).

was located close to the registered agent's office, which "shows that she was so 'integrated' with the office that she would know to whom to give the papers." *Id*. at *4. The *Trustees* court thus held that the receptionist "stood in 'such a position as to render it fair, reasonable, and just' to imply her authority to receive service." *Id.* (quoting *Direct Mail*, 840 F.2d at 689).

Likewise, Zond's process server, Mr. Bowman, left copies of the summons and complaint with the TSMC NA's receptionist, Ms. Poulson. Since Ms. Poulson was the only receptionist at the reception desk, she was the only person to whom Mr. Bowman had access. Regardless, Ms. Poulson was undoubtedly familiar with TSMC NA's registered agent, Mr. Schulman, as she indicated in her own declaration that she called Mr. Schulman's desk and attempted to reach both Mr. Schulman and "other people in Mr. Schulman's group." (Mot., Decl. of Jennifer Poulson at ¶ 4.) Thus, Ms. Poulson "was so 'integrated' with the office that she would know to whom to give the papers." *Trustees of S. California*, 2008 WL 4297223 at *4. Mr. Bowman, however, went much further than the process server apparently did in *Trustees*—indicating that he was leaving process for Mr. Schulman, that he was serving both TSMC entities, and that he was leaving process with Ms. Poulson, whom he named as the person apparently in charge of the office. At no time did Ms. Poulson indicate that she was not an employee of TSMC, that she was a temporary employee, or that she was not authorized to accept service of process. Thus, Ms. Poulson "stood in 'such a position as to render it fair, reasonable, and just' to imply her authority to receive service." *Id.* (quoting *Direct Mail*, 840 F.2d at 689).

TSMC incorrectly assumes, apparently based on the language of Cal. Code Civ. P. § 416.10(b), that since Ms. Poulson does not fall under the list given by that rule, and because she

is a "temporary receptionist,"[6] she "cannot possibly" have authority to accept service. (Mot. at 6.) This is not correct, as clearly shown by the holding of the *Trustees of S. California* case. Further, as previously stated, "service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process." *Hong-Ming Lu*, 2005 WL 807048 at *1 (quoting *Direct Mail*, 840 F.2d at 688). In fact, anyone at a company may receive process so long as they know what to do with the papers. *Id.*

TSMC further misinterprets the meaning of "so integrated" in the case law and suggests that Ms. Poulson "could [not] be seen to effectively perform one of [the enumerated] positions." (Mot. at 6.) Yet the case law does not require this level of integration. Instead, a person at the company is "so integrated" with TSMC when she "knows what to do with the papers." *Hong-Ming Lu*, 2005 WL 807048 at *1 (quoting *Direct Mail*, 840 F.2d at 688). There can be no question that Ms. Poulson in fact knew what to do with the papers, since TSMC had actual notice and obtained a declaration from Ms. Poulson.

TSMC also states that "it has been long recognized … that service upon a temporary receptionist" does not constitute proper service, which is not a correct interpretation of California law. (Mot. at 7.) The cases that TSMC cites for this proposition are all inapposite or inapplicable here. In *Bender v. Broadcom Corp.*, Case No. 9-cv-1147, 2009 WL 3571286 (N.D. Cal. Oct. 30, 2009), the person served was an "administrative assistant filling in as a receptionist at a satellite office of Broadcom" who "specifically advised plaintiff's representatives that was not authorized to accept legal papers." *Id.* at *1. Further, despite the fact that Broadcom had an agent for service of process in California, the plaintiff did not attempt to serve this agent. *Id.* at

---

[6] Zond notes that Ms. Poulson's declaration fails to provide facts pertinent to her employment, including the length of time she has been a "temporary receptionist" for TSMC NA.

*3. In *Moletech Global H.K. Ltd. v. Pojery Trading Co.*, Case No. 9-cv-27, 2009 WL 506873 (N.D. Cal. Feb. 27, 2009), the plaintiff attempted to serve "a Client Service Representative at Regus, the company which leases [defendant's] executive office to [defendant]." *Id.* at *2. This Regus employee had no connection with defendant other than the fact that she worked for the company who leased defendant office space. *Id.* In *McKinney v. Apollo Group, Inc.*, Case No. 8-cv-2373, 2008 U.S. Dist. LEXIS 56324 (S.D. Cal. July 22, 2008), the process server was informed by the person whom he served that she was not authorized to accept service and that defendants had an agent for service of process, CT Corporation, but the process server served this individual anyway. *Id.* at *5-6. Finally, in *Chapman v. United States EEOC*, Case No. 7-cv-1527, 2008 WL 782599 (N.D. Cal. Mar. 24, 2008),[7] service was deemed ineffective not because of the fact that the papers were served to a clerical employee, but because the plaintiff failed to comply with the mailing requirements of Cal. Code Civ. P. § 415.20. *Id.* at *3.

Each of the preceding cases is distinguishable on its facts. Most notably, none of these cases included facts that showed that the person served was "so integrated" that they would "know what to do with the papers," as opposed to Ms. Poulson. In at least two of the cases relied on by TSMC (*Broadcom* and *McKinney*), there was no attempt to serve the registered agent, whereas here, Mr. Bowman went to TSMC NA's offices precisely because that is where their registered agent, Mr. Schulman, works.

Thus, service was properly effectuated via direct service on TSMC pursuant to Fed. R. Civ. P. 4(h)(1)(B) and Cal. Code Civ. P. 416.10(b).

### C.     Service was Properly Effected upon TSMC via Substituted Service

Even if the Court finds that process was not properly effectuated via Direct Service, there

---

[7] This case is about substituted, not direct, service.

can be no question that Zond properly effected service upon TSMC via substituted service under Cal. Code Civ. P. § 415.20(a), which simply requires " leaving a copy of the summons and complaint during usual office hours in [the entity's] office … with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."  Zond's process server, Mr. Bowman, left a copy of the summons and complaint during usual office hours with the person apparently in charge and thereafter mailed a copy as required.  Mr. Bowman submitted a signed return of service that "constitutes strong prima facie evidence of valid service which can be overcome only by strong and convincing evidence."  *Securities & Exchange Comm'n v. Internet Solutions For Business Inc.*, 509 F.3d 1161, 1166 (9th Cir.2007); *see also Burger King*, 2012 WL 2192438 at *2-3 (applying California law).  Moreover, California courts have repeatedly held that "[s]tatutes governing substitute service shall be 'liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant.'" *Ellard v. Conway*, 94 Cal. App. 4th 540, 544 (2001) (quoting *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th at 1392).  Thus, substituted service was properly effectuated upon TSMC.

Again, TSMC misapprehends the law of substituted service.  First, apparently mistaking Cal. Code Civ. P. § 415.20(b), which covers substituted service upon ***individuals***, for § 415.20(a), which covers substituted service upon ***entity corporations***, TSMC errs in stating that "in order to rely on *substituted* service, Zond must show it was reasonably diligent at direct service."  (Mot. at 7) (emphasis in original).  However, it is clear that substituted service on an entity under § 415.20(a) does ***not*** require reasonable diligence.  *Produce v. California Harvest Healthy Foods Ranch Mkt.*, Case No. 110cv04814, 2012 WL 259575 at *4 (N.D. Cal. Jan. 27,

2012) ("Unlike substitute service on an entity defendant, substitute service may be made on an individual only after attempting to personally serve the defendant with 'reasonable diligence.' Cal.Civ.Proc.Code § 415.20(b)."); *see also id.* at n.3 (noting that § 415.20(a) covers corporate entities while § 415.20(b) governs individuals), *Morningstar Holding Corp. v. G2, LLC*, Case No. 10-cv-439, 2010 WL 4641274 at *4-5 (D. Idaho Nov. 8, 2010) (same), *West Coast Corvettes, Inc. v. MV Marketing, Inc.*, Case No. 1220cv0269, 2012 WL 1401433 at *4-5 (C.D. Cal. Apr. 23, 2012) (performing analysis under both §§ 415.20(a) and (b), requiring reasonable diligence for § 415.20(b) only). Thus, TSMC's complaints regarding diligence are inapplicable.

TSMC's only remaining complaint regarding substituted service is again based on a misstatement of the law with respect to the legal meaning of a person "apparently in charge" of the office. (Mot. at 7-8.) First, in the *Trustees of S. California* case discussed above in Section III.B., the court initially found effective substituted service[8] where the process server identified the receptionist whom he served on the Proof of Service, because the receptionist's desk was located near the registered agent's desk, and because the mailing requirements of § 415.20(a) were met. 2008 WL 4297223 at *2-3. As the *Trustees* court stated, "[t]he purpose of section 415.20 is 'to permit service to be completed upon a good faith attempt at physical service on a responsible person, plus actual notification of the action by mailing the summons and complaint to the appropriate party.'" *Id.* at *2 (quoting *Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App .3d 1009, 1013 (1990)). Likewise here, Mr. Bowman identified Ms. Poulson as the person whom he served, Ms. Poulson was "apparently in charge" because she knew Mr. Schulman and could properly deliver the papers to him, and the mailing requirements of § 415.20(a) were met. TSMC misinterprets the words "in charge," ignoring the relevant case law, and therefore

---

[8] The *Trustees* court analyzed both direct and substituted service.

TSMC's arguments should be disregarded.

Other cases have held that substituted service was properly effected upon similarly situated employees in similar situations as shown by the facts here. For instance, in *Burger King*, the process server's affidavit stated that he served the "receptionist apparently in charge" and that he mailed copies according to the rule. 2012 WL 2192438 at *3. Simply based on the process server's affidavit, the court found that the plaintiff "made a *prima facie* showing" that it complied with the Cal. Code of Civ. P, and because the defendant did not rebut this showing with "strong and convincing evidence," the court held that service was properly effectuated. *Id.* In *West Coast Corvettes*, substituted service was effective where the plaintiff left a copy of the summons and complaint with the plaintiff's paralegal, who simply stated "ok" when informed the documents were for the plaintiff—that assent showed that she was a person "apparently in charge." 2012 WL 1401433 at *4. In *Ellard*, substituted service on the manager of Postal Annex where defendants leased their post office box was held effective as the manager was "apparently in charge" since "it was more likely than not the manager would deliver the summons and complaint" to defendants. 94 Cal. App. 4th at 546-47. In *Bein*, a gate guard who controlled access to the defendants' residence was deemed "apparently in charge" since the relationship between the gate guard and defendants "ensures delivery of process." 6 Cal. App. 4th at 1393. In fact, as in *Ellard*, it was enough that it was "more likely than not" that the gate guard would deliver process to defendants. *Id.* at 1393-94. Likewise here, it cannot be questioned that it was "more likely than not" that Ms. Poulson would deliver process to Mr. Schulman, as she apparently has in fact done.

According to TSMC's motion, however, no one but its registered agent, Mr. Schulman, may receive process. (Mot., Decl. of Steven Schulman at ¶ 2 ("The policy at TSMC NA is I am

the only person who should accept service of process")).  If TSMC were correct, this would mean, in effect, that TSMC is immune from service of process whenever Mr. Schulman is out of the office.  This cannot be the case.  Such an interpretation of the law would conflict with case law where a doorman refused access to the remainder of the building and a corporation attempted to avoid service by refusing to unlock its door—both cases in which substituted service was found effective on the doorman and on the only person responding to the server's attempts to enter, respectively.  *See Bein*, 6 Cal. App. 4th 1387, 1393-94 (citing *F.I. duPont, Glore Forgan & Co. v. Chen*, 41 N.Y.2d 794 (1995) and *Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009 (1990)).

### D.     Service was Properly Effected upon TSMC Ltd.

Finally, TSMC appears to argue—but does not cite any authority in support—that service was not effected on TSMC Ltd. because it is a Taiwanese corporation and its address is not the same as TSMC NA's address.[9]  (Mot. at 8.)  However, California law plainly provides that service on a foreign corporation via the corporation's domestic subsidiary is effective.  *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F. Supp. 2d 1224, 1227-28 (C.D. Cal. 2008); *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700-708 (1988).  Thus, as Zond's service was effective as to TSMC NA, it is likewise effective as to TSMC Ltd.

### E.     TSMC's Motion is Based Upon Several Misunderstandings of Law and Should Be Denied

Despite not moving to dismiss *Zond I* for ineffective service despite Zond's nearly identical service of process in both *Zond I* and *Zond II*, TSMC has filed the instant motion to

---

[9] In a footnote, TSMC claims that Fed. R. Civ. P. 4(f)(2) governs service of process on foreign corporations.  (Mot. at n.4.)  However, Rule 4(f) is only applicable when a foreign corporation is served outside a district of the United States.  *Lucas v. Daihatsu Motor Co., Ltd.*, 2012 WL 4477624 at n.4 (N.D. Cal. Sept. 27, 2012).  Since Zond served TSMC Ltd. within a judicial district of the United States, Rule 4(f) is inapplicable.  *Id.*

dismiss in *Zond II* in an apparent attempt to delay the proceedings and to cause Zond to expend resources battling a baseless motion. TSMC's motion relies on an incorrectly limited view of service of process in California and inapposite facts regarding the state of Ms. Poulson's employment. The service of process provisions are "flexible [and] liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail*, 840 F.2d at 688. Not only is service not limited to a designated group of individuals, service upon a corporation's receptionist is effective for both direct service—*see, e.g., id.* at 688-89, *Trustees of S. California*, 2008 WL 4297223—and substituted service—*see, e.g., Burger King*, 2012 WL 2192438.

TSMC's motion also misstates key aspects of the law surrounding service of process. In particular, TSMC states that "reasonable diligence" in attempting direct service is required before attempting substituted service. (Mot. at 6-8.) TSMC is mistaken. Reasonable diligence is required prior to substituted service is only required when serving individuals, not corporate entities. *Compare* Cal. Code Civ. P. § 415.20(a) (service on entities) *with* § 415.20(b) (service on individuals).

Because TSMC's gamesmanship in the guise of this motion to dismiss relies entirely upon a mistaken understanding of the law, its motion should be denied.

**F.      Zond's Subsequent Attempts to Moot TSMC's Motion**

In an effort to avoid costly and time-consuming motion practice by mooting TSMC's motion, and out of abundance of caution, Zond made five separate attempts over the course of three days to serve either Mr. Schulman or a TSMC representative holding one of the positions enumerated in Cal. Code Civ. P. § 416.10(b). *See supra* Section II.C.2. Despite Zond's efforts, it was unable to serve Mr. Schulman as he was out of the office each time. In fact, Zond later learned, via Mr. Schulman's voicemail message, that Mr. Schulman was in fact out of the office from Monday, July 14 through Tuesday, July 22, *see* Cantu Decl. at ¶ 4, yet Zond's process

servers were never apprised of this fact and instead were repeatedly told that Mr. Schulman's

schedule was unknown.  *See supra* Section II.C.2.  Thus, TSMC's claim that "Zond could have

easily complied" with TSMC's interpretation of California law "because TSMC NA does have

an agent for service of process in California" (Mot. at 8) is suspect.  Further, Zond was unable to

serve another TSMC representative given Ms. Poulson's repeated insistence that Mr. Schulman

is the only person at TSMC NA authorized to accept service of process (*see supra* Section

II.C.2), despite TSMC's insinuation to the contrary (Mot. at 3 ("[Zond] did not deliver the

Summons and Complaint to an officer, a managing or general agent, or any other agent

authorized to received service of process…")).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Zond respectfully requests that the Court deny TSMC's

motion for dismiss for ineffective service.  In the alternative, if the Court rules in TSMC's favor,

Zond requests that the Court provide it with the additional time to effect service as prescribed by

Fed. R. Civ. P. 4(m).


Dated:  July 16, 2014                              Respectfully submitted,

                                                   ZOND, LLC

                                                   By its counsel,

                                                   <u>/s/ *Tigran Vardanian*</u>

                                                   David S. Godkin (BBO#196530)
                                                   Andrew A. Caffrey III (BBO#660481)
                                                   Birnbaum & Godkin, LLP
                                                   280 Summer Street
                                                   Boston, MA  02210
                                                   617-307-6100
                                                   godkin@birnbaumgodkin.com
                                                   caffrey@birnbaumgodkin.com

David C. Radulescu, Ph.D.
Tigran Vardanian
Robin M. Davis
RADULESCU LLP
136 Madison Ave, 6th Floor
New York, NY 10016
646-502-5950
david@radulescullp.com
tigran@radulescullp.com
robin@radulescullp.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 16, 2014

*/s/ Tigran Vardanian*
Tigran Vardanian