# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTES

| | |
|---|---|
| ZOND, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>FUJITSU SEMICONDUCTOR LIMITED, FUJITSU SEMICONDUCTOR AMERICA, INC., TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LIMITED and TSMC NORTH AMERICA CORP.,<br><br>          Defendants. | Civil. Action No. 14-cv-12438-WGY |

**PLAINTIFF ZOND'S OPPOSTION TO FUJITSU SEMICONDUCTOR LIMITED AND FUJITSU SEMICONDCUTOR AMERICA, INC.'S MOTION TO DISMISS AND <u>TO STAY PLAINTIFF'S INFRINGEMENT CLAIMS</u>**

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................................1

II. Factual Background ...........................................................................................................3

III. ARGUMENT .......................................................................................................................4

    A.  Motion to Dismiss Standard....................................................................................4

    B.  Zond's Complaint States A Proper And Sufficient Claim For Direct
        Infringement Under Section 271(g)........................................................................5

    C.  Zond's Complaint States A Proper And Sufficient Claim For Induced
        Infringement Under Section 271(g)........................................................................7

    D.  The Court Should Not Stay This Case With Respect To Fujitsu............................10

IV. CONCLUSION..................................................................................................................11

Plaintiff Zond, LLC ("Zond") respectfully submits this brief in opposition to Defendants Fujitsu Semiconductor Limited and Fujitsu Semiconductor America, Inc.'s (together, "Fujitsu") Motion to Dismiss and to Stay Plaintiff's Infringement Claims (D.I. 18) ("Fujitsu's motion").[1]

## I. INTRODUCTION

At its core, Fujitsu's motion is a meritless attempt to delay enforcement of Zond's patent rights, and is consistent with Fujitsu's repeated efforts to delay demonstrated in the prior, related case between the same parties before this Court, *Zond I*.[2] Even though Fujitsu's motion rehashes the same motion that it made and lost in *Zond I* (*Zond I,* D.I. 26), Fujitsu apparently hopes for a different result this time. As the Court found in its decision on Fujitsu's motion to dismiss in *Zond I* (*see id*., D.I. 48), Fujitsu's new motion to dismiss is based on an improper articulation of the pleading standard. Fujitsu's motion to stay also seeks to impose roadblocks to Zond's ability to obtain discovery in this case, similar to a proposal previously rejected by the Court in *Zond I*. *See id*., D.I. 56 at 3-7. The Court should again deny Fujitsu's attempt to alter the pleading requirements for direct and indirect infringement claims, and should further decline Fujitsu's request to stay this case, as the Court has already decided both of these issues in *Zond I*.

Fujitsu's Partial Motion to Dismiss Zond's Direct Infringement Claims: Zond has adequately pled direct infringement because its complaint meets all of the requirements of Form 18 of the Federal Rules of Civil Procedure. Form 18 presents the relevant standard for direct infringement claims, as this Court determined in *Zond I*. Although Fujitsu does not contest that the Court's standard is correct, it invites the Court to engage in a factual analysis to determine whether the accused products are results of the claimed processes. The Court need not engage in

---

[1] Neither Taiwan Semiconductor Manufacturing Company, Limited nor TSMC North America (collectively, "TSMC") have joined in Fujitsu's motion for a stay, and have filed a separate motion to dismiss. *See* D.I. 20.

[2] *Zond, LLC v. Fujitsu et al*, Case No. 14-cv-12438-WGY (D. Mass).

any such analysis beyond the pleading requirements on a motion to dismiss and, consequently, Fujitsu's partial motion to dismiss Zond's direct infringement claims should be denied.

Indirect Infringement: Fujitsu's motion to dismiss Zond's claims of indirect infringement is similarly baseless because it asks this Court to re-visit and reverse its articulation of the indirect infringement pleading standard from *Zond I*. D.I. 18. Zond meets the pleading requirements articulated by this Court in *Zond I* for induced infringement because it sufficiently identifies the direct infringement of a third party (Fujitsu's customers, supplier, OEMs and ODMs), pleads facts showing Fujitsu's knowledge of the patents and knowledge of the processes used to manufacture its products, and states facts sufficient to infer both Fujitsu's knowledge of the infringement and specific intent to induce. Fujitsu does not dispute any of this, and instead tries out a new argument without any support—Fujitsu argues that Zond must separately allege induced infringement against Fujitsu's domestic and foreign-based customers. Fujitsu's creative argumentation is unsupported and, consequently, Zond's satisfaction of the pleading requirements set forth in *Zond I* dictates that Fujitsu's motion should be denied.

Stay: If granted, Fujitsu's motion to stay will cause both an unnecessary delay in the resolution of this action and waste judicial resources. Fujitsu seeks to stay this action with respect to only the Fujitsu defendants, and await the outcome of the case against TSMC—exactly the same request this Court denied in *Zond I*. *Zond I*, D.I. 56 at 3-7. There is no evidence that the same infringing processes are used to manufacture the accused Fujitsu products and each of TSMC's accused products, so Zond must seek discovery from both parties in order to prove infringement by of both groups of defendants. Also, there is evidence in the public domain that TSMC and Fujitsu were engaged in joint development of the implicated processes. Furthermore, it is unclear – and discovery must reveal – whether Fujitsu uses foundries other than TSMC as its

semiconductor suppliers, many companies in this industry use more than one supplier. This Court should again deny Fujitsu's motion to stay to prevent inefficiency and delay from needlessly plaguing these proceedings.

## II.     FACTUAL BACKGROUND

Zond is a Massachusetts technology company that has developed a unique plasma discharge technology for magnetron sputtering deposition processes. *See* D.I. 1 at ¶ 16. Zond's technology has applications in various industries, including the manufacture of semiconductor chips. *See id.*

Zond initial patent infringement action against Fujitsu involving seven patents was filed on July 9, 2013. *See Zond I*, D.I. 1. Zond later amended its complaint to add TSMC, the manufacturer of the wafers used in the accused Fujitsu products. *See id.*, D.I. 19 (Second Amended Complaint). Fujitsu filed a motion to dismiss Zond's Second Amended Complaint, including for failure to state a claim of induced infringement, and failure to plead direct infringement by a third-party. *See id.*, D.I. 27. This Court denied Fujitsu's motion to dismiss Zond's direct infringement claims and post-suit induced infringement claims. *See Zond, Inc. v. Fujitsu Semiconductor Ltd.*, Case No. 13-cv-11634-WGY, 2014 WL 69035 (D. Mass. Jan. 9, 2014). Concurrent with the denial of Fujitsu's motion to dismiss in *Zond I*, the Court ordered the parties to submit a joint proposed case management schedule. *See Zond I*, D.I. 48. In that joint proposal, the parties had a disagreement over phasing discovery, with Fujitsu seeking a stay of discovery, dispositive motions and trial as to the Fujitsu Defendants until after its co-defendants TSMC completed trial. *See id.*, D.I. 55 at 5. This de facto motion to stay as to Fujitsu was opposed by Zond in *Zond I*, and this Court denied Fujitsu's request to stay *Zond I*. *See id.*, D.I. 56 at 5. *Zond I* has been administratively closed pending *Inter Partes* Review ("IPR") petitions filed by both defendants, but may be reopened shortly upon notice from the US Patent and

Trademark Office that certain patent claims asserted in *Zond I* will not be the subject of an instituted IPR proceeding.[3]  *See id.*, D.I. 126, 129.

Zond now accuses Fujitsu of infringing six additional patents ("Zond's 2014 Patents") in the present action concerning the generation, use and/or applications of this unique plasma discharge technology that employs super-ionized plasmas of commercial significance and has wide-ranging applicability in various industries, including in magnetron sputtering deposition processes in the semiconductor manufacturing industry.  *See id.* at ¶ 10-15, 18. .  Because of the substantial overlap of the accused processes and products, parties, and the technology implicated by Zond's 2014 Patents, Zond's 2014 complaint is similar to its 2013 complaint against Fujitsu.  *See* D.I. 1.  However, Zond's complaint in this action includes additional allegations relating to Fujitsu's pre-suit knowledge of Zond's 2014 Patents, and Fujitsu's pre-suit knowledge of the accused processes used to manufacture its infringing products.  *See id.* at ¶ 23.

## III. ARGUMENT

### A. Motion to Dismiss Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." *Id.* at 555.  However, alleging specific facts is unnecessary. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  The factual allegations need only present a facially plausible claim from which the Court may draw a reasonable inference that the defendant is liable for the misconduct that is alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In this

---

[3] Fujitsu's motion erroneously suggests that Zond consented to the *Zond I* defendants' motions to stay that case. D.I. 18 at 1.  In fact, Zond twice opposed the *Zond I* defendants' motions to stay pending IPR. *Zond I*, D.I. 96, 123.

analysis, the Court must accept all "allegations in [the] complaint as true and draw all reasonable inferences in plaintiffs' favor." *Parker v. Hurley*, 514 F.3d 87, 90 (1st Cir. 2008). In the First Circuit, the proper procedure for assessing the pleading sufficiency of a complaint is:

> Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.
> Step two: take the complaint's well-pled (i.e., non-conclusory, nonspeculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.

*Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).

### B. Zond's Complaint States A Proper And Sufficient Claim For Direct Infringement Under Section 271(g)

A complaint adequately pleads direct infringement if it meets the requirements of Form 18 of the Federal Rules of Civil Procedure. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Infringement under 35 U.S.C. § 271(g) is a form of direct infringement. *See Zond I*, 2014 WL 69035 at *3 (D. Mass. Jan. 9, 2014) (citing *Guzik Technical Enters. V. Western Digital Corp.*, Case No. 11-cv-03786, 2011 WL 6013006, at *2 (N.D. Cal. Dec. 2, 2011). Therefore, the relevant pleading standard is that required by Form 18, which requires: 1) an allegation of jurisdiction by the Court, 2) an allegation of ownership of the patents-in-suit by the Plaintiff, 3) an allegation that the Defendant is infringing the patents-in-suit, and 4) a demand for damages and an injunction. *See id.*

In its motion, Fujitsu argues that Zond's direct infringement claims for a subset of Zond's 2014 Patents do not meet the pleading standard because Zond's complaint does not disclose how the use of Zond's patented processes for generating plasma can render the accused semiconductor products "made by" those processes. *See* D.I. 18 at 2. However, Form 18 has no such requirement. Zond properly pled direct infringement under Section 271(g) because Zond's pleading meets the requirement of Form 18. Zond properly alleged jurisdiction and venue. D.I.

5

1 ¶ 6-9.  Zond also properly alleged ownership of the patents-in-suit.  *See id.* ¶ 10-15.  Further, Zond alleged that Fujitsu is infringing one or more claims of Zond's 2014 Patents by using, offering to sell and selling within the United States and importing into the United States, without authority, the Infringing Products[4], including under 35 U.S.C. § 271(g).  *See id.* ¶¶ 29, 35, 41, 47, 53, 59.  Finally, Zond demands damages and an injunction.  *See id.* at Prayer for Relief.  Zond has thus met the pleading requirements of Form 18 here, as it did in the first action between the parties before this Court.  *See* Zond I, 2014 WL 69035 at *3.

The court in *Guzik*, upon which this Court based its holding in *Zond I*, considered whether a sufficient direct infringement claim under 35 USC 271(g) must disclose how an imported product is "made by" a patented process and determined that it did not.  *See Guzik*, 2011 WL 6013006 at *2.  Specifically, the *Guzik* court found that Section 271(g) "does not specify what products will be considered to have been 'made by' the patented process, apparently because Congress wanted the courts to resolve this critical question of proximity to the product of the patented process on a case-by-case basis."  *Id.*, n. 22 (quoting *Bayer AG v. Housey Pharmaceuticals, Inc.*, 340 F.3d 1367, 1377 (Fed. Cir. 2003)).

Moreover, even if there were a requirement to identify that an accused imported product was "made by" an asserted patent under Section 271(g), Zond's pleading satisfies it because Zond specifically alleges that "Fujitsu is selling its Infringing Products that are made by Zond's patented processes."  D.I 1 at ¶ 30, 36, 42, 48, 54, 60 (also listing a specific patented process from each patent used in the manufacture of Fujitsu's Infringing Products).  However, Fujitsu's argument that generating a plasma cannot be a manufacturing process employed in the

---

[4] Fujitsu's infringing devices "include Fujitsu's 28 nm and smaller node devices including, but not limited to, integrated circuits made from CMOS devices, ASIC devices as well as other semiconductor devices at the Accused Nodes" (collectively, the "Infringing Products").  *See* D.I. 1 at ¶ 22.

manufacture of the Infringing Products has no basis—even Fujitsu's manufacturer, TSMC, calls the machines used to manufacture the Infringing Products "plasma-generation machines." *See TSMC Technology, Inc. et al v. Zond, LLC*, Case No. 14-cv-721 (D. Del), D.I. 8 at 6 ("Zond filed each of its seven Massachusetts actions against end users, as opposed to the companies that manufacture the plasma-generation machines").

Fujitsu's reliance on the *Eli Lilly* case in support of its proposition is also misplaced. In *Eli Lilly & Co. v. Am. Cyanamid Co.*, the plaintiff sought a preliminary injunction against the defendant. 82 F.3d 1568 (Fed. Cir. 1996). In order to determine whether the factor of "likelihood of success on the merits" was met for a preliminary injunction, the court underwent a thorough factual analysis of whether the "materially changed" exception to Section 271(g) was met in that case." Here, in contrast, Fujitsu has moved to dismiss, and all pled facts in the complaint are deemed to be true and all reasonable inferences are drawn in Zond's favor. *See Schatz*, 669 F.3d at 55. Therefore it is premature and inappropriate for the Court to attempt to analyze the merits of the case, including Fujitsu's factual assertion that "the Accused Devices do not themselves contain any plasma made by any process" (D.I. 18 at 2) at this time. *See Guzik*, 2011 WL 6013006 at *2 ("While perhaps small consolation, WD may of course pursue this issue in discovery, including one or more contention interrogatories, in advance of an appropriate motion pursuant to Fed. R. Civ. 56.").

    **C.    Zond's Complaint States A Proper And Sufficient Claim For Induced Infringement Under Section 271(g)**

To plead a claim for induced infringement, "Zond must allege that Fujitsu induced a third party's infringing acts and that Fujitsu knew or should have known its actions would induce actual infringements." *See Zond I*, 2014 WL 69035 at *3 (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (internal marks omitted)). Zond meets this pleading

standard in every Count by pleading: (1) pre-suit knowledge; (2) inducing a third party's acts; (3) knowledge that the induced acts are infringing acts; (4) that the third parties actually induce Zond's patents.  First, Zond pleads that Fujitsu had pre-filing knowledge of the patents. *See* D.I. 1 at ¶ 27.  Second, Zond pleads that Fujitsu induces acts by third parties. *See* D.I. 1 at ¶¶ 30, 36, 42, 48, 54, 60.  ("Fujitsu actively entices its OEMs and ODMs through advertising, marketing and sales activity to use Fujitsu's Infringing Products as part of their own infringing products and to sell, offer for sale, and import those infringing products containing Fujitsu's Infringing Products in the United States.")  Third, Zond pleads that the third-party customers actually infringe Zond's patents. *See id.* ("Upon information and belief, Fujitsu's OEMs and ODMs directly infringe the '651 Patent by using, selling, offering for sale, and importing in the United States products containing Fujitsu's Infringing Products.").  Fourth, Zond pleads that Fujitsu knows that these acts by their customers are infringing acts. *See id.* ("Fujitsu knows that by using, selling, offering for sale, and importing such products its OEMs and ODMs directly infringe the '651 Patent").  Finally, because Section 271(g) provides that all uses of a product made by a patented process in the United States are infringing uses, it is reasonable to infer that by selling the Infringing Products, Fujitsu intended to encourage infringement. *See Zond I*, 2014 WL 69035 at *7.  In sum, Zond has properly stated a claim for induced infringement.

Zond's complaint does not distinguish between Fujitsu's domestic and foreign customers, nor is Zond required to do so. *See Bill of Lading,* 681 F.3d at 1336 ("To state a claim for indirect infringement, therefore, a plaintiff need not identify a *specific* direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists.").  Because no identification of specific third-party customers is required to state a claim of induced infringement, and because Form 18 does not require such an identification, there can be no

requirement to identify the location of any such third-party customers. *See id.* ("As long as the complaint in question contains sufficient factual allegations to meet the requirements of Form 18, the complaint has sufficiently pled direct infringement."). Therefore, Fujitsu's assertion that Zond has not adequately pled induced infringement with respect to Fujitsu's foreign customers (D.I. 18 at 3-4) has no merit.

Fujitsu's citations to case law in its effort to create a new pleading requirement misses the mark. Fujitsu cites to *Microsoft* for the idea that there can be no induced infringement without an affirmative act of encouragement, and then attempts to stretch this holding to argue that Zond must plead an affirmative act of encouragement as to each customer. D.I. 18 at 3. However, the *Microsoft* case concerns whether there is subject matter jurisdiction over a declaratory judgment claim, not whether a petitioner adequately pled a claim for induced infringement. *Microsoft Corp. v. DataTern, Inc.*, 2014 U.S. App. LEXIS 8419 (Fed. Cir. May 5, 2014)) at *4-*5. Furthermore, there is nothing in *Microsoft* to suggest a compliant must allege an affirmative act of encouragement for every customer. *See id.* To the extent *Microsoft* applies to the motion at issue, the court in that case holds that there is declaratory judgment jurisdiction where "Microsoft is encouraging the exact use which DataTern asserts amount to direct infringement." *Id.* at *13. In this case, Zond specifically alleges acts by Fujitsu—such as sales, advertising and marketing—encouraging its customers' infringement. *See* D.I. 1 at 30. Furthermore, Zond's pleading that Fujitsu encourages its customers to import infringing products in a manner Fujitsu knows is infringing, coupled with the fact that all importation into the U.S. is an infringement under 271(g), amounts to a plausible inference that Fujitsu encouraged the acts accused of direct infringement in this case. *See Zond I*, 2014 WL 69035 at *7 ("it seems illogical that the production, for sale, of goods, for which there is no potential non-infringing use, would not

9

permit a reasonable inference, especially at the motion to dismiss stage that the manufacturer/importer intended to encourage infringement.").

Likewise, *Warner-Lambert* does not arise at the pleading stage; instead it concerns the propriety of summary judgment of noninfringement. *See Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1348 (Fed. Cir. 2003). Furthermore, *Warner-Lambert* does not consider whether a plaintiff must plead encouragement and knowledge of infringement separately for its foreign and domestic customers. *See id.* Instead, *Warner-Lambert* holds that a patentee must ultimately prove that the defendant encouraged a third party's infringement to prevail on the merits. *See id.* ("precedent holds that mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven"). As described above, Zond has pled enough to support a plausible inference that Fujitsu encouraged the infringement of its foreign customers and Fujitsu's motion to dismiss should be denied accordingly.[5]

### D.    The Court Should Not Stay This Case With Respect To Fujitsu

Fujitsu's motion to stay amounts to a repeat of its request for phased discovery (and other case events) that was denied by this Court in *Zond I*. *See Zond I*, D.I. 56 at 3-7. Indeed, in *Zond I*, Fujitsu's request for phased discovery had a virtually identical basis as the reasons Fujitsu now offers in its motion to stay. *Compare id.* at 7 ("The Fujitsu Defendants submit that this bifurcated approach properly allows for the most cost-effective and efficient resolution of this dispute giving due regard to the fact that the Accused Devices are made and supplied to the Fujitsu Defendants by the TSMC Defendants.) *with* D.I. 18 at 4-5 ("the Fujitsu Defendants have

---

[5] Fujitsu's citation in a footnote to *Vita-Mix* is also irrelevant as this Court already distinguished *Vita-Mix* (citing *Apotex*) in *Zond I* because in *Vita-Mix*, there were substantial non-infringing uses, whereas in this case there are no potential non-infringing uses. *See Zond I*, 2014 WL 69035 at *7.

no information about the threshold inquiry as to whether any of the Accused Devices practice the patented processes, and resolution of this issue as to TSMC will streamline the claims against the Fujitsu Defendants"). Given that the Court previously decided this identical issue on largely identical facts in *Zond I*, the Court should not entertain Fujitsu's second attempt to delay.

Fujitsu's reliance on the Federal Circuit's recent decision in *Nintendo* does not suggest a different result. *See In re Nintendo of Am., Inc.*, No. 2014-132, __ F.3d __, 2014 WL 2889911 (Fed. Cir. June 25, 2014). *Nintendo* concerned a motion to transfer whereby staying the case against several customer-defendants permitted the court to maximize convenience and judicial efficiency by transferring the infringement case against a manufacturer-defendant to the manufacturer's home venue and promptly proceeding with litigation there. *See id.* at *1. In this case, neither Fujitsu nor the TSMC defendants in this case have asked for this case to be severed and transferred out of the District of Massachusetts.[6] Thus, the convenience and efficiencies motivating the Federal Circuit's decision in *Nintendo* are not present here. Indeed it is not clear that there is any efficiency to be had by a stay as without discovery, Zond is unable to know to what extent Fujitsu and TSMC's liability and damages overlap. Because a stay is not certain to add any efficiency to this case, the Court should deny Fujitsu's motion.

## IV.   CONCLUSION

For the all of the foregoing reasons, Zond respectfully requests that the Court deny Fujitsu's motion in its entirety.

---

[6] TSMC instead has chosen to file a Declaratory Judgment complaint before the District of Delaware in an attempt to escape having to further litigate in front of this Court. *See TSMC Technology Inc. et al v. Zond LLC*, Case No. 14-cv-721 (D. Del.), D.I. 1. Zond has alerted that court to TSMC's gamesmanship, and has asked that the action be dismissed at the discretion of the court or transferred to this District, where the case belongs. *See id.*, D.I. 13, 17.

Dated: July 16, 2014

Respectfully submitted,

ZOND, LLC

By its counsel,

/s/ *Tigran Vardanian*

David S. Godkin (BBO#196530)
Andrew A. Caffrey III (BBO#660481)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100
godkin@birnbaumgodkin.com
caffrey@birnbaumgodkin.com

David C. Radulescu, Ph.D.
Tigran Vardanian
Robin M. Davis
RADULESCU LLP
136 Madison Ave, 6th Floor
New York, NY 10016
646-502-5950
david@radulescullp.com
tigran@radulescullp.com
robin@radulescullp.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 16, 2014.

/s/ *Tigran Vardanian*
Tigran Vardanian