UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
ZOND, LLC                           )
                                    )
        Plaintiff,                  )
                                    )   CIVIL ACTION
    v.                              )   NO. 14-12438-WGY
                                    )
FUJITSU SEMICONDUCTOR LTD.,         )
FUJITSU SEMICONDUCTOR AMERICAN,     )
INC., TAIWAN SEMICONDUCTOR          )
MANUFACTURING COMPANY, LTD.,        )
AND TSMC NORTH AMERICA CORP.,       )
                                    )
        Defendants.                 )
                                    )
```

YOUNG, D.J.                                          October 10, 2014

**MEMORANDUM AND ORDER**

I.  **INTRODUCTION**

Two defendants, Taiwan Semiconductor Manufacturing Company ("TSMC, Ltd.") and its North American subsidiary ("TSMC NA") (collectively, "TSMC"), move to dismiss the suit against them on the ground that the plaintiff, Zond, LLC ("Zond"), did not properly serve either of them under federal or California law.

A.  **Procedural History**

The present action is a patent infringement suit filed June 9, 2014, by Zond against Fujitsu Semiconductor Limited, Fujitsu Semiconductor America, Inc., TSMC, Ltd., and TSMC NA. Compl. ¶¶ 1-5, ECF No. 1.

1

Zond states that this action is related to another action between the same parties and also before this, <u>Zond, Inc. v. Fujitsu Semiconductor Ltd.</u> ("Zond I"), Civil Action No. 13-11634-WGY. Compl. ¶ 9; see also <u>Zond, Inc. v. Fujitsu Semiconductor Ltd.</u>, 990 F. Supp.2d 50 (2014). That action has been stayed by the Court pending the conclusion of proceedings before the Patent Trial and Appeal Board. <u>Zond I</u>, Order Allowing Mot. Stay, June 2, 2014, ECF No. 124. The present action involves six different, but related, patents owned by Zond. Compl. ¶¶ 10-15; Opp'n Mot. Dismiss 2, ECF No. 30.

TSMC filed a Motion to Dismiss for Ineffective Service of Process on July 2, 2014. Mot. Dismiss, ECF No. 20.

### B. Alleged Facts

Around noon on June 11, 2014, Thomas Bowman ("Bowman"), a process server hired by Zond, arrived at TSMC NA's offices in San Jose, California to serve TSMC NA's registered agent Steven Schulman. Decl. Thomas J. Bowman ¶¶ 3-5, ECF No. 35. Bowman spoke with Jennifer Poulson ("Poulson"), a receptionist at TSMC NA's reception desk. <u>Id.</u> ¶ 5. Poulson tried, but failed, to reach Mr. Schulman or "someone else" by telephone. <u>Id.</u> Bowman subsequently left the papers with Poulson[1] and departed the office around 12:48 P.M.[2] <u>Id.</u> ¶ 6.

---

[1] The parties dispute whether Bowman told Poulson that he was serving TSMC and that he left the papers with her because he

2

Poulson was a temporary employee placed by Appleone, Inc., and has stated that she was not authorized to receive service. Decl. Jennifer Poulson ¶ 4, ECF No. 21-2. She sat at a desk "in the main lobby of the TSMC NA office complex which is composed of two buildings connected by the main lobby." Reply Decl. Jennifer Poulson ¶ 2, ECF No. 48-1. According to Poulson, more than 400 employees work in the complex. Id.

TSMC filed its motion to dismiss on July 2, 2014. Mot. Dismiss. Zond repeated its efforts at service from July 11, 2014 through July 15, 2014, again failing to reach Mr. Schulman. Decl. Christiaan Gonzalez ¶¶ 2, 7, 12, 15-17, ECF No. 32.

## II. ANALYSIS

### A. Standard of Review

The plaintiff must make proper service on the defendant, or the defendant must waive service, before the Court can exercise

---

believed her to be the person in charge. Compare Decl. Thomas Bowman ¶ 7, with Decl. Jennifer Poulson ¶ 5, ECF No. 21-2; Reply Decl. Jennifer Poulson ¶ 6, ECF No. 48-1. It is not apparent to the Court that such a statement is relevant where substitute service, see below, is at issue.

[2] Poulson states that Bowman "had waited approximately ten minutes before leaving." Decl. Jennifer Poulson ¶ 4; Reply Decl. Jennifer Poulson ¶ 5. The statements do not necessarily conflict, since it is possible that Poulson attempted to reach various TSMC employees from 12 P.M. to 12:38 P.M. and Bowman then waited from 12:38 P.M. to 12:48 P.M. Though the Court must accept Zond's position for this motion, the dispute is not significant. In the absence of a "reasonable diligence" requirement, see below, even a total interaction lasting only ten minutes would not, by itself, indicate ineffective service.

3

its jurisdiction. <u>Murphy Bros.</u> v. <u>Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999). Once the defendant has challenged service, the burden is on the plaintiff to show proper service. <u>Vazquez-Robles</u> v. <u>CommoLoCo, Inc.</u>, 757 F.3d 1, 4 (1st Cir. 2014).

**B.    Governing Law**

Service is governed by Federal Rule of Civil Procedure ("Rule") 4, which instructs plaintiffs to serve corporations in the same manner as individuals, or in accordance with procedures in Rule 4(h)(1)(b). Fed. R. Civ. P. 4(h). Service on individuals under Rule 4 follows the state rule for either the state where service was made, here California, or where the district court sits.[3] Fed. R. Civ. P. 4(e)(1). The parties do not dispute application of California service rules. <u>See</u> Mem. Supp. Mot. Dismiss 5, ECF 21; Opp'n Mot. Dismiss 8. Since Rule 4 is structured in the alternative, if Zond can show that it complied with any one of the options available, it has made proper service.[4]

---

[3] Massachusetts law also authorizes service under the rules of the foreign state where service was made. Mass. R. Civ. P. 4(e).

[4] The Court observes that it could retroactively approve alternate service under Rule 4(f) nunc pro tunc. <u>See</u> <u>Lewis</u> v. <u>Dimeo Const. Co.</u>, Civil Action No. 14-10492, 2014 WL 4244330 (D. Mass. Aug. 26, 2014) (Talwani, J.); <u>Igloo Products Corp.</u> v. <u>Thai Welltex Intern. No., Ltd.</u>, 379 F.Supp.2d 18, 20 (D. Mass. 2005) (Gorton, J.); <u>Marks</u> v. <u>Alfa Grp.</u> 615 F. Supp. 2d 375, 380 (E.D.

C. **Service Under Federal Law**

Zond contends that it completed direct service of TSMC by serving Poulson under Rule 4(h). Opp'n Mot. Dismiss 11. Rule 4(h) permits service on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed R. Civ. P. 4(h). Whether an individual is a suitable agent to receive service "depends on a factual analysis of that person's authority within the organization." Direct Mail Specialists v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988) (citing 2 J. Moore, J. Lucas, H. Fink & C. Thompson, Moore's Federal Practice ¶ 4.22[2], at 4-205 (2d ed. 1987)).

Zond relies on Trustees of S. Calif. IBEW-NECA Pension Plan v. Sabco Electrique, Inc., in which service on a receptionist was allowed where the receptionist's location directly outside the designated agent's office "shows that she was so 'integrated' with the office that she would know to whom to give the papers." No. CV077894ODWAJWX, 2008 WL 4297223, at *4 (C.D. Cal. Sept. 15, 2008).

---

Pa. 2009) ("[P]laintiffs have attempted alternative service . . . without prior court approval but in a manner . . . we find otherwise appropriate under Rule 4(f)(3). . . . [T]he sole effect [of denying the nunc pro tunc request] would be to require plaintiffs to undertake the entirely redundant act of re-serving [defendant] in the same manner already undertaken.")
5

In a leading receptionist service case, the Ninth Circuit Court of Appeals allowed service on a receptionist who was the only employee then present at the defendant company's small office. Direct Mail, 840 F.2d at 688-89. The Court considered whether service was proper under the predecessor to the present Rule 4(h)(1)(b) and determined that

> service can be made 'upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.

Id. at 688 (quoting Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa, 428 F. Supp. 1237, 1251 (S.D.N.Y. 1977)).

Patently, a person who "will know what to do with the papers" is quite different from someone whose position "impl[ies] the authority . . . to receive service." See id. See generally 4A Charles Allen Wright, et al., Federal Practice and Procedure § 1101 n.12 (collecting cases). As a result, many courts have hesitated to accept service on a receptionist in the absence of the sort of factual indicia of status present in Direct Mail. See Jones v. Auto. Club of S. Calif., 26 F. App'x 740, 743 (9th Cir. 2002) ("The differences between this case and Direct Mail are greater than the similarities. [The defendant]

is not a small company and the security guard [plaintiff attempted to serve] was not the only person working in [the defendant's] corporate offices when [the plaintiff's] process server arrived."); NGV Gaming, Ltd. v. Upstream Point Molate, LLC, Nos. C-04-3955 & C-05-1605, 2009 WL 4258550, at *3 (N.D. Cal. Nov. 24, 2009) ("[T]here is no evidence that [the receptionist] is a person with sufficient authority to accept personal service on behalf of the [entity]."); Carey Int'l, Inc. v. Carey Limo Serv., Inc., No. 10-12142, 2011 WL 9819989, at *1 (D. Mass. Sept. 22, 2012) (Wolf, J.) ("[A] receptionist does not ordinarily qualify as a corporation's agent.").

In this case, Zond has presented no such indicia suggesting that Poulson held an integral role in TSMC NA. Poulson was a receptionist located in a main lobby of a large office complex, not an assistant to Mr. Schulman or the only employee present on site. Zond must demonstrate some special circumstance within the office structure -- as it appeared to Bowman -- suggesting that Poulson's role was particularly integral to TSMC; the Court holds that Zond has not demonstrated proper service under Rule 4(h).

D.  **Substitute Service Under California Law**

Lack of sufficient service under the federal rules does not end the Court's inquiry: Zond may also prove effective service under California state law. Service on a corporation in

7

California may be made by serving the corporation's registered agent or an officer of the corporation. Cal. Civ. Proc. Code § 416.10. California rules also provide for so-called "substitute service." Id. § 415.20. Substitute service on a corporation is governed by section 415.20(a) and on an individual by section 415.20(b). Id. The rule for substitute service on a corporation states that:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint . . . to the person to be served at the place where a copy of the summons and complaint were left.

Id. § 415.20(a).

California law indicates that the substitute service section ought be liberally construed. See Espindola v. Nunez, 245 Cal. Rptr. 596, 598 (Cal. Ct. App. 1988).

Zond contends that it accomplished substitute service on TSMC by leaving the papers with Poulson. Opp'n Mot. Dismiss 14-15. The parties dispute (1) whether a plaintiff must first use reasonable diligence to achieve direct service before electing to use substitute service and (2) whether Poulson was "apparently in charge" for the purpose of the substitute service rule.

8

### 1. Reasonable Diligence Is Not Required for Corporate Substitute Service

Zond, relying principally on the substitute service rule's text, contends that a plaintiff need not make a reasonable effort to accomplish direct service before attempting substitute service. Surreply Opp'n Mot. Dismiss 2-3, ECF No. 51. The substitute service rule for individuals permits substitute service only when the complaint "cannot with reasonable diligence be personally delivered to the person to be served," but there is no such requirement contained in the substitute service rule for corporations. Compare Cal. Civ. Proc. Code § 415.20(b), with id. § 415.20(a). Instead, the rule for corporations permits substitute service "[i]n lieu of personal delivery." Id. § 415.20(a); see also Produce v. California Harvest Healthy Foods Ranch Mkt., No. C-11-04814 DMR, 2012 WL 259575, at *4 (N.D. Cal. Jan. 27, 2012) ("Unlike substitute service on an entity defendant, substitute service may be made on an individual only after attempting to personally serve the defendant with 'reasonable diligence.'"); Cal. Civ. Proc. Code § 415.20 Judicial Council's Comment ("If a defendant is a corporate or noncorporate entity, service may be made in the first instance, in lieu of delivery of process to a specified officer or employee of such entity personally, by leaving the papers in his office.")

TSMC relies on a number of federal cases that require reasonable diligence. Reply Supp. Mot. Dismiss 7, ECF No. 48. Each of these cases, however, rely ultimately on language in cases applying the reasonable diligence requirement to individual service under section 415.20(b). None of the corporate service cases explains its reliance on the individual service cases, or provides a reason to extend the reasonable diligence requirement to the corporate context.

For example, Chapman v. U.S. EEOC, No. C07-1527, 2008 WL 782599, at *2 (N.D. Cal. Mar. 24, 2008), cites Smith v. Van Dyk, No. 05cv1188, 2007 WL 4570719, at *3 (E.D. Cal. Dec. 27, 2007), which is an individual service case. Similarly, Hong-Ming Lu v. Primax Wheel Corp., C 04-4170 JSW, 2005 WL 807048, at *3 (N.D. Cal. Apr. 7, 2005) cites Evartt v. Sup. Ct. of Stanislaus Cnty., 152 Cal. Rptr. 836, 838 (Cal. Ct. App. 1979), another individual service case. Finally, Gidding v. Anderson, No. C 07-04755 JSW, 2008 WL 4065814, at *2 (N.D. Cal. Aug. 27, 2008), also cites Evartt, and Moletech Global Hong Kong Ltd. v. Pojery Trading Co., No. C 09-00027 SBA, 2009 WL 506873 (N.D. Cal. Feb. 27, 2009) cites Hong-Ming Lu.

Respectfully, these cases are not persuasive, grounded as they are on decisions involving individual service. This Court declines to read in a reasonable diligence requirement from part (b), the individual substitute service rule, and instead relies

on the plain text of part (a), the corporate substitute service rule. Corporate substitute service under section 415.20(a) does not require a plaintiff to attempt personal service with reasonable diligence before electing substitute service.

### 2. Poulson Was "Apparently in Charge"

The substitute service rule permits a plaintiff to leave the papers at a registered agent's "usual mailing address . . . with the person who is apparently in charge thereof." Cal. Civ. Proc. Code § 415.20(a). The California "person apparently in charge" standard is lower than the federal "managing or general agent" standard in Fed. R. Civ. P. 4(h), discussed above. For example, the California Court of Appeals has ruled substitute service effective where a process server left the papers by a locked office door after someone inside the office refused to open the door. Khourie, Crew & Jaeger v. Sabek, Inc., 269 Cal. Rptr. 687, 688 (Cal. Ct. App. 1990). Service was appropriate because the process server left the papers near "the only person who responded to his attempt to enter," who was thus "apparently in charge." Id. at 689; see also Bein v. Brechtel-Jochim Grp., Inc., 8 Cal. Rptr. 2d 351, 354 (Cal. Ct. App. 1992) (holding security guard who would "more likely than not" get the papers to the right person, and actually did, was "apparently in charge"). Moreover, for substitute service, "it does not matter whether the person who received the papers was authorized to

11

accept service of process." Falco v. Nissan N. Am. Inc., 987 F. Supp. 2d 1071, 1079 (C.D. Cal. 2013).

TSMC contends that Poulson "is not in any way 'in charge' of the offices of TSMC NA," Mem. Supp. Mot. Dismiss 7-8, and supports its contention with Poulson's statements that she is "not an officer or director of TSMC NA or TSMC, Ltd." and has "no management role or authority." Decl. Jennifer Poulson at 7-8. TSMC misunderstands the inquiry required by California's substitute service rule. California law asks who is in charge of the office -- or reception desk -- at issue, not who is in charge of the company. In fact, a reading of substitute service that requires service on an executive or manager would effectively defeat the purpose of the substitute service rule by requiring the plaintiff to complete the requirements of direct service under section 416.10(b).

Since Poulson was "apparently in charge" of the reception desk at TSMC NA, and no other individual more suited to accept service was forthcoming, the Court holds that Poulson was a proper person to receive the papers under the California substitute service rule.

**E. Service On TSMC NA Is Effective Against TSMC, Ltd.**

Under California law, service on a domestic subsidiary is good against a foreign parent when the subsidiary functions as the parent's general manager within California, conferring on

12

the parent the benefits of doing business in California.[5] See

Sims v. Nat'l Eng'g Co., 34 Cal. Rptr. 537, 540 (Cal. 1963); see

---

[5] Tang v. CS Clean Sys. AG, D052943, 2008 WL 5352253 (Cal. Ct. App. Dec. 23, 2008), unpublished/noncitable (Dec. 23, 2008) ("A subsidiary can qualify for effective service of process if it operates as a general manager for the parent corporation.")
　　First Circuit Local Rule 32.3(b) governs the citation of unpublished cases from other jurisdictions. Within this Circuit, this case would normally be citable under Local Rule 32.3(a)(2) because it "persuasively addresses a material issue," but Rule 32.3(b) states that the rule of the other jurisdiction ought take effect -- here, California Rules of Court Rule 8.1115 -- which does not allow the citation. What is more, California courts evidently require strict conformity with the unpublished decision rule. See Alicia T. v. Cnty. of Los Angeles, 271 Cal. Rptr. 513, 521 (Cal. Ct. App. 1990), modified (Aug. 16, 1990) (sanctioning attorney who persisted in citing unpublished decisions); People v. Williams, 98 Cal. Rptr. 3d 770, 777 (Cal. Ct. App. 2009) (observing that online availability of 'unpublished' decisions "does not give counsel an excuse to ignore the rules of court")
　　Nonetheless, this Court finds Tang highly instructive. The thoroughness of the Tang decision belies any assumption that another decision decisively settles the question, or that the Court of Appeal gave the matter any less than full attention.
　　Though California's nonpublication rule may be constitutional, Schmier v. Supreme Ct., 93 Cal. Rptr. 2d 580, 585 (Cal. Ct. App. 2000), cert. denied 531 U.S. 958 (2000), it is not, at least in this case, a helpful "concession to the shortness of life," Schmier v. Justices of the CA Supreme Ct., C 09-02740 WHA, 2009 WL 2246205 (N.D. Cal. July 27, 2009). In fact, in a system where courts may cite law review articles, Putnam v. Town of Saugus, Mass., 365 F. Supp. 2d 151, 182 n.17 (D. Mass. 2005), television programs, Muscarello v. United States, 524 U.S. 125, 144 n.6 (1998), and fathers-in-law, Boylan v. Boston Sand & Gravel Co., CIV.A. 02-2296BLS2, 2007 WL 836753, at *5 n.6 (Mass. Super. Mar. 16, 2007) (Gants, J.), excluding highly relevant analysis by the California Court of Appeals is, respectfully, somewhat odd.
　　After all, "[i]nherent in every judicial decision is a declaration and interpretation of a general principle or rule of law. This declaration of law is authoritative to the extent necessary for the decision, and must be applied in subsequent cases to similarly situated parties."

also Gray v. Mazda Motor of Am., Inc., 560 F. Supp. 2d 928, 931 (C.D. Cal. 2008) (applying Sims to hold service on Mazda's American distributor to be service on Mazda in Japan). TSMC has asserted that service of TSMC NA, even if good, would not be effective against TSMC, Ltd., but has not cited case law or alleged any facts suggesting that TSMC NA was not TSMC Ltd.'s general manager in California. See Mem. Supp. Mot. Dismiss 8; Reply Rep. Supp. Mot. Dismiss 10.

The Court holds that service of TSMC NA was proper service of TSMC, Ltd.

III. CONCLUSION

For the aforementioned reasons, the Court DENIES TSMC's motion to dismiss for improper service of process. Zond has properly served TSMC NA and TSMC, Ltd. by substitute service, thus the date of service is the tenth day after mailing. Cal.

---

Anastasoff v. United States, 223 F.3d 898, 899-900 (8th Cir. 2000) (R. Arnold, J.) (internal quotations omitted), opinion vacated on reh'g en banc, 235 F.3d 1054 (8th Cir. 2000).
    "This Court considers the reasoning of Anastasoff especially compelling." Putnam, 365 F. Supp. 2d at 182 n.17. "When a district court chooses to follow an unpublished opinion, it further explicates its own analysis -- always a desirable result -- by reference to legal reasoning it considers persuasive albeit not binding. That is what the Court has done here." Giese v. Pierce Chem. Co., 43 F. Supp. 2d 98, 104 n.1 (D. Mass. 1999); see also Alshrafi v. Am. Airlines, Inc., 321 F. Supp. 2d 150, 160 n.9 (D. Mass. 2004); Islam v. Option One Mortg. Corp., 432 F. Supp. 2d 181, 187 n.5 (D. Mass. 2006); Corrigan v. Barnhart, 352 F. Supp. 2d 32, 44 n.3 (D. Mass. 2004).

14

Civ. Proc. Code § 415.20(a). Mailing occurred June 12, 2014. Decl. Michael D. Sadowitz, Ex. 6-7, ECF No. 31. Thus, service was effected June 23, 2014.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE